## MITCHELL v. MOORE.

### Opinion delivered July 13, 1908.

COUNTERCLAIM—SEPARATE CONTRACTS.—In a suit to enforce an agreement of partition defendant cannot set up a counterclaim growing out of a separate contract of lease, though both contracts relate to the same tract of land.

Appeal from Faulkner Chancery Court; *Jeremiah G. Wallace,* Chancellor; affirmed.

*Charles C. Reid,* for appellants.

Moore's contract to make certain repairs and improvements and surrender the place at the time agreed upon "in a first-class tenantable condition and in a good state of repair" entered into and formed a part of the consideration for the payment of the $280 for the land appellant was to receive. His failure to perform his agreement formed a proper basis for counterclaim when he brought suit. 70 Ark. 233; 64 Ark. 224; 20 Mo. 433; 66 Ind. 498; 52 Ark. 246; 13 Ark. 522; 21 Ark. 125; 25 Ark. 541; 30 Ark. 535; 50 Ark. 422; 14 Ark. 356; 60 Ark. 281; 60

Ark. 389; 39 Ark. 344; 48 S. W. 795; 25 Am. & Eng. Enc. of Law, 570; 27 Ind. 4.

*G. W. Bruce* and *J. G. Lile,* for appellee.

Appellant had no right of counterclaim for breach of the lease contract. Kirby's Digest, § 6098; 83 Ark. 283 and cases cited; 84 Ark. 218.

McCULLOCH, J. Appellant and appellee were owners, as tenants in common, of certain lands in Faulkner County, and divided them, executing deeds to each other. By a collateral written contract appellant agreed to pay appellee the sum of $280 as the estimated difference in valuation between the two shares. At the time of the division there was an unexpired contract between the parties whereby appellee leased the lands from appellant and agreed to pay a certain amount of annual rent and to keep up all the improvements on the farm and surrender it at the expiration of the term in good repair and in good state of cultivation. In the partition it was stipulated that the division should not cancel or affect the lease contract except as to payment of taxes.

After the expiration of the term of lease appellee commenced this suit in equity to recover said sum of $280 and to enforce a vendor's lien on the lands which fell to appellant in the partition.

Appellant filed an answer and counterclaim, alleging that appellee had failed to maintain the improvements, as agreed in said lease contract, on the lands which fell to her in the partition; that when the premises were surrendered to her the improvements had deteriorated until they were worthless, and the place was not tenantable, and that, in order to put the place in repair as provided in the contract, she was compelled to expend sums of money in excess of $280. She claimed damages in that sum on account of appellee's alleged non-performance of the contract.

The court sustained a demurrer to the answer and counterclaim, and, upon appellant's failure to plead further, rendered a decree against her for the amount of the debt sued for. She appeals to this court.

The statute provides that a defendant may set forth in his answer as many grounds of defense, counterclaim and set-off as he shall have. Kirby's Digest, § 6098.

The counterclaim is defined by the statute to be "a cause of action in favor of the defendants, or some of them, against the plaintiffs, or some of them, arising out of the contract or transactions set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action." Kirby's Digest, § 6099.

There is no relation between the two causes of action set forth in the complaint and in the counterclaim. The counterclaim does not arise out of the contract or transaction set forth in the complaint, nor is it connected with the subject of the action. *Hays* v. *McLain*, 66 Ark. 400; *Barry-Wehmiller Machine Co.* v. *Thompson*, 83 Ark. 283; *Daniel* v. *Gordy*, 84 Ark. 218. The only connection between the two causes of action is that they each grew out of transactions concerning the same tract of land. This is not sufficient connection to make one the proper subject of counterclaim in an action to recover on the other.

Affirmed.