TOMBLER v. SUMPTER.

Opinion delivered February 6, 1911.

1. SPECIFIC PERFORMANCE—DELIVERY OF ESCROW.—Where a deed has been delivered in escrow subject to a condition which has been fulfilled, equity will compel the delivery thereof to the person entitled to its possession. (Page 483.)

2. SAME—PARTIES—RIGHT OF STRANGER TO INTERVENE.—In a suit to require delivery of a deed in escrow one who was not a party to the contract and whose rights or equities cannot be affected by a decree to which he is not a party is not entitled to intervene and be made a party. (Page 483.)

Appeal from Garland Chancery Court; *Alphonso Curl,* Chancellor; affirmed.

*Greaves & Martin* and *Moore, Smith & Moore,* for appellant.

Appellant had an interest in the property and should have been made a party. Kirby's Digest, § 6006; Story, Eq. Pl., § 76; 37 Ark. 511; 59 Ark. 190; 56 Ark. 391, 397; 68 Ark. 171, 177; 74 Ark. 57; 70 N. W. 834.

*C. Floyd Huff,* for appellees.

The title to the real estate is not involved in this case. Appellant was not a party to the contract, and is not a necessary party. 56 Ark. 370. The only question is whether appellees have the right to the delivery of the deed. This does not affect the title nor the interest of any third parties.

FRAUENTHAL, J. This was an action instituted in the Garland Chancery Court by the plaintiffs below against Annie E. Little and G. G. Latta, the defendants therein, seeking to obtain

the specific performance of an alleged contract to deliver to
plaintiffs a deed executed by said Annie E. Little to them for
a lot in the city of Hot Springs, and which was held by said
Latta in escrow. The complaint amongst other things, in sub-
stance, alleged that one Loretta E. Tombler, who was the sister
of the said Annie E. Little and the aunt of the plaintiffs, was
the owner of the lot mentioned in said deed and other real and
personal property, and that she died leaving a will by which,
after making certain specific bequests, she devised the remainder ·
of her property to said Annie E. Little. The above will was
duly filed in the probate court of said county, and by that court
was admitted to probate. An appeal was taken from said order
of the probate court admitting said will to probate by M. C.
Tombler, the husband of said Loretta E. Tombler, to the circuit
court. During the pendency of said appeal the plaintiffs and
said Annie E. Little entered into a written agreement whereby
it was provided that, in consideration of making a settlement
between them of their rights in the property of said Loretta E.
Tombler and also of all matters of controversy between them
growing out of and involved in said will, the said Annie E. Little
would execute a deed to plaintiffs for said lot which would be
accepted by them in full settlement of all their interest in the
property of said estate; and it was further provided that said
deed would be held by said Latta in escrow pending the litiga-
tion involving the validity of said will, and if said will was
declared by the courts to be the last will and testament of said
Loretta E. Tombler, and the action of said probate court in
admitting the same to probate affirmed, then the said Latta
would turn the possession of said deed over to said plaintiffs.
In pursuance of said agreement, said deed was executed by
said Annie E. Little, and placed in escrow in the hands of
said Latta. It was further alleged that subsequently the appeal
from said order of the probate court admitting said will to
probate was by the circuit court dismissed upon the motion of
M. C. Tombler, the party who prosecuted said appeal, and that
by reason thereof said will was finally established and the action
of the probate court in admitting it to probate in effect affirmed.
Thereafter the plaintiffs demanded from said Latta the posses-
sion and delivery of said deed, which was refused; and this

suit was brought for the purpose of requiring him to deliver to them said deed.

The defendants, Annie E. Little and said Latta, interposed a demurrer to said complaint, which was by the court overruled; and, the defendants refusing to plead further, a decree was entered against them granting the relief asked for in said complaint; and from this decree no appeal has been taken.

During the progress of the proceedings in this case in the lower court M. C. Tombler filed a petition in said court asking that he be permitted to intervene in said suit, and that he be made a party thereto and allowed to file an answer, and at the same time tendered that pleading. In that pleading he alleged amongst other things, in substance, that he had taken the appeal to the circuit court from the order of the probate court admitting said will to probate in good faith because he had rights in the property of the estate of Loretta E. Tombler adverse thereto; that during the pendency of said appeal in the circuit court he and said Annie E. Little made a compromise of their respective claims in the property of said estate, under which the said Annie E. Little conveyed to him certain lands belonging to said estate, amongst which was the lot mentioned in the deed the possession of which plaintiffs were endeavoring by this suit to obtain, and that thereupon, by virtue of the terms of said compromise agreement with Annie E. Little, he dismissed his appeal from the order probating said will. He further alleged that under the terms of the written agreement made between the plaintiffs and said Annie E. Little the plaintiffs were not entitled to the delivery and possession of said deed held by said Latta in escrow. He alleged that he was the legal owner of said lot, and in event it was declared that he was not the owner thereof he claimed that he had equitable rights therein which he asked to be enforced.

The court refused to permit him to be made a party to the suit and to intervene therein, and from that order he has appealed to this court.

The question involved in this appeal is whether or not M. C. Tombler was a necessary or proper party to the determination of the matter involved in the litigation instituted by the plaintiffs. By section 6006 of Kirby's Digest, it is provided that "any

person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination and settlement of the question involved in the action;" and by section 6011 of Kirby's Digest, it is provided that "the court may determine any controversy between parties before it when it can be done without prejudice to the rights of others or by saving their rights. But when a determination of the controversy between the parties before the court can not be made without the presence of other parties the court must order them brought in." These provisions furnish a criterion for determining when the court will proceed to a settlement of the matter in controversy between the parties actually before it, and when it must bring in other parties before proceeding to a final decree. If the parties before the court are the only persons who have an interest in the controversy that is actually involved in the suit, or if a final decree can be made without affecting the rights of others in the matter actually in controversy, then other persons are not necessary parties to such suit. *Apperson* v. *Burgett,* 33 Ark. 328.

This suit was instituted by the plaintiffs for the purpose of obtaining the specific performance of an alleged contract to deliver to them a deed, which had been deposited in escrow. It was in effect a suit for the possession of the deed, as if the plaintiffs had brought replevin therefor. It is well settled that the exercise of equity jurisdiction extends to suits to compel the delivery of deeds in favor of persons who are legally entitled to them. Where a deed has been delivered in escrow subject to a condition which has been fulfilled, a court of chancery is a proper forum in which to compel the delivery thereof to the person entitled to its possession. 1 Pom., Eq. Jur., § 185; 4 Kent, Com., § 454; *Tharaldson* v. *Everts,* 87 Minn. 168; *Stanton* v. *Miller,* 65 Barb. 58.

Where the enforcement of a contract is sought in the courts, as a general rule, the parties to the agreement are the only necessary parties to the suit; and therefore in a suit for the specific performance of a contract it is necessary to join as parties only those persons who are parties to the contract. The matter actually in controversy in such suits is the contract and its fulfillment. The estate itself is not actually involved in the controversy,

and persons who claim an interest in the estate, but who are wholly unconnected with the contract which it is sought to have performed, are not necessary parties to such suit. Where the possession of the property is not sought by the proceeding, but simply the performance of a contract which it is alleged was made relative thereto, strangers to the contract itself are not necessary parties to such suit. In the case of *Willard* v. *Tayloe,* 8 Wall. 571, the Supreme Court of the United States says: "The general rule is that the parties to the contract are the only proper parties to the suit for its performance." In that case the case of *Tasker* v. *Small,* 3 Myl. & C. 69, is quoted with approval, wherein it is said: "When a bill for specific performance is filed by a person who has contracted to purchase the absolute legal and equitable interest in a mortgaged estate from the supposed owner of the equity of redemption, neither the mortgagee nor a person who claims an interest in the equity of redemption, but has not joined in the contract, can be made a defendant."

In the case of *Crook* v. *Brown,* 11 Md. 158, it is held: "In suits for specific performance the general rule is that it is necessary to join as parties only those persons who are parties to the contract, and it is multifarious to unite in such bill a prayer for relief against third persons who claim an interest in the estate, but are unconnected with the contract."

In the case of *Moulton* v. *Chafee,* 22 Fed. 26, it was held that strangers to the contract cannot properly be made parties in a suit for its performance upon the theory that in determining the question of title it is proper to join all parties who claim any interest in the estate and thus bind them by the decree. And in the case of *Ashley* v. *Little Rock,* 56 Ark. 391, it was held that in a suit seeking specific performance of a contract adverse claimants in possession of the property were not proper parties.

The effect of our Code provisions is that all persons should be made parties who have an interest in the controversy that is actually involved in the suit of such a nature that a final decree cannot be made without affecting their interest or leaving the controversy in such a condition that a complete determination thereof cannot be made without their presence; otherwise such

persons are not necessary parties. 20 Ency. Pleading & Practice, 412.

In the case at bar the bill seeks to require the party holding a deed in escrow to deliver the same to one claiming to be entitled thereto under and in pursuance of a contract made to that effect. The appellant Tombler was not a party to that contract, and whatever rights or equities he may have in the property covered by that deed cannot be affected by a decree to which he is not a party and solely involving that contract to which he was a total stranger. He cannot be affected by that decree requiring the delivery of the deed to the plaintiffs by the person holding it, any more than he could be affected by the delivery thereof if it had been made voluntarily and without such decree. He has still the right, in any litigation to which he may be properly a party involving said lot, to question the legality of the right of plaintiffs to a vestiture of title by virtue of said deed, on the ground that it was not completely executed and delivered, and he has also the right to assert any legal claim or equities which he may possess in the property or to seek to have the deed removed as a cloud upon his title. He cannot be and is not by virtue of said decree barred from questioning plaintiffs' vestiture of title to the lot by virtue of said deed or from asserting any claims or equities he may have in the lot or to enforce any remedies to which he is entitled. He was therefore not a necessary party to the suit between the plaintiffs and defendants which sought only a specific performance of the contract for the delivery of the deed, and in which a complete determination of that controversy could be had without his presence.

We do not think, therefore, that the decree involved in this appeal should be reversed for the refusal to join the appellant as a party to the suit.

The decree is affirmed.