## SMITH *v.* PRICE.

### Opinion delivered February 19, 1912.

1. MORTGAGE—SUIT TO REDEEM—PARTIES.—In a suit by the vendor of land to redeem the land from a mortgage sale, his vendee is not a necessary party. (Page 371.)

2. SET-OFF AND COUNTERCLAIM—WHEN NOT ALLOWED.—When a vendor of land seeks to redeem the land from a mortgage sale to a third person, and makes his vendee a party, such vendee is not entitled to counterclaim damages for breach of the contract of sale, as such counterclaim has no connection with the foundation of plaintiff's claim and is not connected with the subject of the action. (Page 372.)

Appeal from Prairie Chancery Court; *John M. Elliott,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

On or about the 27th day of February, 1903, A. J. Shipman and wife executed their mortgage conveying a certain tract

of land in Prairie County to Geo. C. Lewis to secure the payment of indebtedness mentioned in the mortgage to Lewis. The mortgage was assigned by Lewis to Mrs. M. B. Carson, and by Mrs. Carson to Ralph J. Smith. On the 8th of May, 1908, Ralph J. Smith sold the land to Addie G. Smith, pursuant to the power contained in the mortgage. A trustee's deed was made on the 8th day of May, 1908, purporting to be based upon the sale of the land under the power contained in the mortgage conveying the same to Addie G. Smith, the defendant in the court below to the present suit.

On the 12th day of January, 1905, Shipman and wife, the mortgagors, conveyed the land to W. M. Price, the plaintiff below, and appellee here. Within one year after the date of the sale on May 8, 1908, appellee tendered to Addie G. Smith the amount necessary to redeem the land from the sale made under the mortgage to Addie G. Smith. She refused to accept same, and appellee instituted this suit to redeem.

In his complaint appellee, after setting up the mortgage and the various assignments thereof, and the sale of the land by the mortgagors to appellee, in consideration that he assume and pay the mortgage debt, set forth the following contract: "Know all men by these presents:

"That I, W. M. Price, of Stuttgart, county of Arkansas, and State of Arkansas, party of the first part, for and in consideration of the sum of nine thousand and five hundred dollars ($9,500), to be paid by Robert B. Smith, of county of Johnson, State of Iowa, party of the second part, having this day bargained and sold to the second party the following described real estate, situated in Prairie County, State of Arkansas, to-wit: The south 240 acres of the east half of section twenty (20), township 1 south, range 5 west, Prairie County, Arkansas, Government survey, 240 acres. The said party of the first part shall make, or cause to be made and delivered, a good and sufficient warranty deed, conveying said land to the said party of the second part, together with abstract, showing good title under the laws of the State of Arkansas, and said title to be passed upon by some reputable attorney.

"Said second party hereby agrees and binds himself to pay for said real estate as follows: Five hundred dollars down; $1,500 when deed and title are accepted by second party;

$2,000 when rice pump and plant of that cost are put on the premises in acceptable manner for the purpose of rice culture thereon, but not prior to January 1, 1907; balance of purchase price payable in five equal payments of $1,100 each on November 10 of each year thereafter, until all are paid, with interest at the rate of 5 per cent. per annum from November 10, 1907, until paid, due and payable as above mentioned, same to be secured by mortgage on the land above described, at the First National Bank at Montezuma, Iowa, deed and abstract to be furnished second party for inspection and examination by November 10, 1906, when all papers are to be then transferred and exchanged if title is good, said deed to be delivered upon the payment of said above named $1,500.

"It is also understood and agreed that, in case there does appear any defect or cloud upon the title to the above-described land, which would require said first party to remove by court or other proceedings necessary to secure or remove the same, the said first party shall be granted a reasonable length of time to have such defect or cloud removed.

"It is understood and agreed as part consideration of this contract that said W. M. Price covenants and agrees to lease said premises as follows: For the term of five years from and after January 1, 1907, at the annual rental of six dollars per acre for all land put under rice culture by said Price, and to give and furnish to said second party in Stuttgart, Arkansas, one-third of the total product grown on the remainder of said premises as rent. It is further agreed by said Price that, as part consideration hereof, he will cultivate and properly put to rice not less that 120 acres of said premises each year during this lease. Said Price agrees to put a $2,000 rice plant on said premises within six months, and furnish vouchers for cost thereof.

"Signed this October 31, 1908.

"W. M. Price (Seal)
"Robert B. Smith (Seal)."

Appellee alleged that he had tendered the amount of the mortgage debt, and offered to pay whatever additional sums that might be found to be due Addie G. Smith, the purchaser of the land under the mortgage sale, and alleged that the sale was void for various reasons, and that the land was subject

to redemption, and prayed that he might be allowed to redeem the same. He also prayed that the trustee's deed purporting to convey the land to Addie G. Smith, the defendant, be cancelled, and for general relief.

R. B. Smith, the appellant here, was made a party the complaint alleging that he denied the right of appellee, plaintiff, to redeem the land from the mortgage and from the sale thereunder, and that he refused to permit such redemption by the payment of any amount whatever by the plaintiff; but no affirmative relief was prayed as to him, but it is alleged that he agreed with appellee that the purchase money to be paid by him under the contract should be used to discharge the mortgage indebtedness.

Appellant, R. B. Smith, filed his answer, and made the same a cross complaint. He admitted the execution of the contract between himself and appellee as set out and exhibited with appellee's complaint. He set up that he had complied with the terms of the contract on his part; that the appellee had breached the contract on his part, and was due the appellant the sum of $3,600 upon the notes evidenced by the contract; that by the terms of the contract appellant had the option, upon default in the payment of either of said notes, to declare all of said notes due and payable; and he alleged that appellee had failed and refused to pay either of said notes, wherefore appellant elected to declare all the notes due and payable.

Various allegations are set up in the answer and cross complaint of the appellant setting forth breaches of the contract entered into between the appellant and appellee. The appellant, after alleging that he was ready to perform the contract on his part in every respect, prayed that the appellee be required to specifically perform his contract, and asked for judgment against the appellee in the sum of $4,000 damages as a difference between the value of the land at the time of making the contract and the value as it would have been if the appellee had complied with the terms of his contract, and that same be declared a lien on the land. He further prayed that whatever might be found to be due him from appellee might be used to discharge the payment of the mortgage debt and the purchase money lien; that he might have execution against the appellee for any sum that might be due, and that if appellee

were allowed to redeem the land he should pay off the mortgage and the purchase money lien and have the title vested in appellant, and that he have such other and further relief as he might be entitled to, though not specifically prayed for.

Appellee moved to strike the cross complaint of appellant, setting up that his suit was for redemption, and that appellant's cross complaint was for specific performance of the contract between appellee and appellant, and was in no wise connected with and did not grow out of plaintiff's complaint, but was a separate and distinct cause of action against the appellee and not enforceable in the present suit. The court sustained the motion, striking the cross complaint of appellant from the files, and rendered judgment in favor of appellee allowing him to redeem the land from the sale under the mortgage upon the payment of the amount thereof with interest and costs. The appellant appealed from the judgment of the court striking his cross complaint from the files.

*Manning & Emerson*, for appellant.

Notwithstanding appellant's pleading was denominated in the lower court a cross complaint, it was in reality a counterclaim, being a suit by defendant against the plaintiff, and not against some person other than the plaintiff, and that the court erred in striking out the counterclaim is settled by the statute. Kirby's Digest, § 6098, subdiv. 4; *Id.* § 6099; 71 Ark. 408; 93 Ark. 277; 92 Ark. 594.

*John L. Ingram*, for appellee.

The sole purpose of the suit was to redeem from the mortgage sale. No attempt to resist the redemption is made. The contract declared upon by appellant is not the basis of appellee's cause of action, and is only incidentally mentioned in his complaint. The court properly struck the cross complaint from the files. Kirby's Digest, § § 6099, 6098; Pomeroy, Code Rem., § 747; 66 Ark. 400.

WOOD, J., (after stating the facts). Although appellee, in his complaint, sets out the contract between him and appellant, he asks no affirmative relief as against appellant on this contract. His complaint was for the redemption of the land from the sale under the mortgage. It was really unnecessary for him to have made the appellant a party to the suit, and the

contract which he set up was not germane to the relief of redemption which he sought by his complaint. See *Tombler* v. *Sumpter*, 97 Ark. 480. The court obviously treated it as unnecessary and foreign to the issue on the question of redemption, and therefore dismissed appellant's cross complaint for specific performance and alleged damages growing out of the failure on the part of appellee to perform the contract set forth.

The contract set up in the complaint was neither the foundation of the appellee's claim, nor was it connected with the subject of the action. As we have stated, the subject-matter of the action was the redemption from the mortgage sale. The matters and things set forth in appellant's cross complaint, if true, would not in any manner entitle him to defeat appellee's right of redemption.

This court in *Hays* v. *McLain*, 66 Ark. 400, held (quoting syllabus): "In a suit to enforce specific performance of a contract to convey land, defendant can not, by way of counterclaim, ask foreclosure of a mortgage on the land given by plaintiff to defendant."

The court quotes in its opinion section 745 of Pomeroy's Code Remedies, where the learned author, after reviewing many adjudged cases, said: "These cases must be considered as establishing the doctrine that the defendant's cause of action in order to constitute a valid counterclaim, must to some extent defeat, modify, qualify or interfere with the relief which would otherwise be obtained by the plaintiff." See, also, *Mitchell* v. *Moore*, 87 Ark. 166.

Section 6099 of Kirby's Digest provides that: "The counterclaim mentioned in this chapter must be a cause of action in favor of the defendants, or some of them, against the plaintiffs, or some of them, arising out of the contract or transactions set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action."

Here the counterclaim set up in appellant's cross complaint has no connection whatever with the foundation of plaintiff's claim, and is not in any manner connected with the subject of the action, which, as we have shown, is purely the question of appellee's right to redeem. The court properly treated the other allegations, as to the contract as incidental and unneces-

sary to the relief sought. Its judgment striking appellant's cross complaint from the files of the court was correct, and it is therefore affirmed.